BEAL-BURROW DRY GOODS COMPANY *v.* LEVY, ADMINISTRATRIX.

Opinion delivered January 20, 1919.

1. CUSTOMS AND USAGES—INTEREST—WAIVER—QUESTION FOR JURY.— Whether plaintiff merchant waived alleged right under trade custom to charge customer interest on overdue items *held* properly submitted to jury.

2. SAME—EVIDENCE.—The fact that a merchant collected one interest item in business transactions covering three and one-half years *held* not to establish custom binding on either party to collect and pay interest on overdue items.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Richard M. Mann,* for appellant.

The plaintiff was entitled to interest on each item of its account from maturity. The court so instructed the jury. 36 Ark. 355; 46 Ark. 87; 98 Ark. 519.

The court erred in submitting the question of waiver of interest to the jury and not in instructing the jury to find for plaintiff.

*Fulk & Boyd,* for appellees.

The plaintiff waived the right to charge interest, and the court properly submitted that question to the jury. The scintilla of evidence rule should certainly apply.

HUMPHREYS, J.  Appellant presented a claim to appellee, administratrix of the estate of M. Levy, deceased, for interest in the sum of $86.53 on the overdue items of an account current for the year 1916, which was disallowed by the administratrix on August 16, 1917, and filed for allowance against said estate in the Pulaski Probate Court on August 18, 1917.

Appellee denied liability and the claim was disallowed by the probate court on December 17, 1917, from which judgment of disallowance, an appeal was prosecuted to the circuit court.

The cause proceeded to trial in the circuit court, and, at the conclusion of the evidence, the court instructed the jury that appellant was entitled to recover from appellee the total amount of interest sued for unless the right to claim interest had been waived by appellant. Appellant objected and excepted to the submission to the jury of the question of a waiver of the right and requested several instructions eliminating the question of waiver, which were refused by the court over appellant's several objections and exceptions. The jury returned a verdict for appellee and judgment was accordingly rendered, from which an appeal has been duly prosecuted to this court.

It is insisted by appellant that the court erred in submitting the question of waiver to the jury, because it is claimed the record contains no testimony whatever that interest on the account would be waived. According

tc the record, M. Levy became a credit customer of appellant on June 18, 1913. It was appellant's custom at the end of each calendar year to present a bill to its credit customers for interest at the rate of eight per cent. per annum from maturity to the close of the year on all items of account and to present said bill for interest each month thereafter until paid. It does not appear that this custom was communicated to M. Levy. At the close of the year 1913, no claim for interest was presented to Levy, because, under the rule adopted by appellant for figuring interest, no interest was due. For the same reason, no claim for interest was presented to him at the close of the year 1914. C. M. Sanders, bookkeeper for appellant, testified that at the close of the year 1915, he mailed to Levy a claim for interest in the sum of $5.85, which was paid by him without objection in 1916. On November 25, 1916, a monthly statement for a balance of $403.18 was presented by appellant to M. Levy, which was paid December 11, 1916. About ten days thereafter, Levy died. C. M. Sanders also testified that he made up and mailed, by office boy, a statement to Levy for $114.94 interest, based on an eight per cent. interest charge on overdue items of account, on December 31, 1916, and each month thereafter, but received no response to the statement.

Pauline Levy, daughter of M. Levy and his bookkeeper, testified that she received the statement for $5.85 at the close of the year 1915, and that it was a merchandise, and not an interest, item; that the last and only statement she received from appellant, before the claim for interest was presented to her as administratrix, was a claim mailed to and received by her on May 29, 1917, for a balance of $114.94; that she immediately telephoned to appellant and, for the first time, ascertained that it was a claim for interest figured on a basis of eight per cent. The claim presented to her, as administratrix, for interest, was $86.53, but it is shown by the record that this discrepancy between the interest items was due to

the fact that the claim presented to appellee, as administratrix, was figured on a six per cent. interest basis.

Appellant is in error in the contention that there was no substantial evidence in the record tending to show a waiver of the right, on the part of appellant, to claim interest. The insistence that Levy was bound by appellant's custom as to the time and manner of claiming interest is not well taken as it was not shown that Levy had knowledge of the existence of such a custom. The presentation and collection of one interest item by appellant to Levy in the course of business transactions covering a period of three and a half years could not have the effect of establishing a custom between them binding on either party. It is a disputed question of fact, however, under the record, whether the item of $5.85 was an interest or merchandise item. The undisputed fact that appellant presented a statement to M. Levy for a balance due for $403.18 on the 25th day of November, 1916, which was paid on December 11, 1916, and the disputed evidence of Pauline Levy that no claim for interest was made until May 29, 1917, was sufficient legal, substantial evidence to sustain the finding that appellant had waived its right to charge interest; hence, it was proper under the facts in the case to submit the question of waiver to the jury

No error appearing, the judgment is affirmed.